IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MORLEY, | ) |
|       *Petitioner*, | ) Case No. 1:23-cv-00105 |
| v. | ) Magistrate Judge Kezia O. L. Taylor |
| DISTRICT ATTORNEY OF ERIE COUNTY, WARDEN OF SCI HOUTZDALE and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
|       *Respondents*. | ) |

**MEMORANDUM OPINION**

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Patrick Morley ("Petitioner") pursuant to 28 U.S.C. § 2254. The Petition challenges Petitioner's judgment of sentence out of Erie County, Pennsylvania.[1] For the following reasons, the Petition will be dismissed as untimely and a certificate of appealability will be denied.

**A.  Relevant Background**

The trial court summarized the factual background of this case as follows:

> On June 9, 2018, [Petitioner], Patrick Morley, was driving a 2004 Audi A4 registered to his girlfriend[, Loretta Weber]. At the intersection of Route 8 and Kuhl Road in Greene Township[, Pennsylvania,] [Petitioner] rear-ended a 2005 Dodge Ram 1500, causing the truck to rollover. Immediately after the accident[,] [Petitioner] exited the [2004 Audi A4], reached in the back seat and grabbed a briefcase, and fled the scene on foot. A cell phone in [Petitioner]'s name was recovered from the vehicle as well as clothing belonging to [Petitioner]. The briefcase was recovered from behind a nearby garage. Inside the briefcase were

---

[1] The Court takes judicial notice of Petitioner's criminal case and appellate dockets that are the subject of Petitioner's attack herein. *See Commonwealth v. Morley*, CP-25-CR-0002072-2018 (Ct. of Comm. Pleas Erie Cty.) They are available for public viewing at https://ujsportal.pacourts.us/ (site last visited on March 20, 2025).

>  drugs, including multiple bags of marijuana and a marijuana blunt, bags of cocaine, methamphetamine, and LSD; drug paraphernalia including a digital scale, glass bowl and plastic baggies; a switchblade knife; receipts for repairs to the 2004 Audi A4 being [Petitioner]'s name; two AARP cards bearing [Petitioner]'s name; a doctor's appointment note for [Petitioner]; and [Petitioner]'s expired driver's license. At the time of the accident[,] [Petitioner]'s driver's license was suspended. Several weeks later, [Petitioner] was found at a hotel [room] rented in his friend's name where he was arrested and charged.
>
>  On November 9, 2018, following a two-day jury trial, [Petitioner] was convicted of: Count One: Possession With Intent to Deliver (LSD); Count Two: Possession With Intent to Deliver (cocaine); Count Three: Possession With Intent to Deliver (marijuana); Count Four: Possession (LSD); Count Five: Possession (cocaine); Count Six: Possession (marijuana); Count Seven: Possession of Small Amount of Marijuana for Personal Use; Count Eight: Possession of Drug Paraphernalia; Count Nine: Prohibited Offensive Weapons (switchblade knife); Count Ten: Accidents Involving Damage to Attended Vehicle or Property; Count Eleven: Drivers Required to be License; Count Twelve: Driving While Operating Privilege is Suspended or Revoked Following ARD/DUI-Related; Count Thirteen: Following Too Closely; Count Fourteen: Driving at Safe Speed; Count Fifteen: Careless Driving; Count Sixteen: Duty to Give Information and Render Aid; and Count Seventeen: Immediately Notice of Accident to Police Department.
>
>  On December 21, 2018, [Petitioner] was sentenced to an aggregate period of 87 – 174 months of incarceration[,] followed by a probationary period[.]

ECF No. 11-1 at 25-27 (footnotes omitted).

Petitioner appealed, and the Pennsylvania Superior Court affirmed his judgment of sentence on February 11, 2020. *See* ECF Nos. 11-1, 11-2, and 11-5. He did not petition the Pennsylvania Supreme Court for an allowance of appeal.

On or about October 2, 2020, Petitioner filed a petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). The PCRA court issued its Notice of Intent to Dismiss the PCRA petition on April 7, 2021, and the petition was dismissed on June 7, 2021. Petitioner appealed, and the Pennsylvania Superior Court affirmed the dismissal of the petition on April 6,

2022.  *See* ECF Nos. 11-3, 11-4, and 11-6.  He did not petition the Pennsylvania Superior Court for an allowance of appeal.

These federal habeas proceedings were initiated on April 7, 2023.  While the Petition in this case is dated January 1, 2023, the envelope the Petition was contained in bears a postmark date of March 31, 2023.[2]  *See* ECF Nos. 1 and 1-1.  The Petition, however, was submitted without the filing fee or the proper forms to proceed *in forma pauperis*, and so this case was administratively closed pursuant to a deficiency order until Petitioner cured the deficiency, and the case was reopened on January 16, 2024.  *See* ECF Nos. 2-6.  His Petition was docketed in this case on January 16, 2024.  ECF No. 7.  An Answer to the Petition was filed by the Respondents on June 13, 2024.  ECF No. 11.

## B. Discussion

Liberally construing the Petition, the Court assumes that Petitioner is raising the following two claims: (1) his conviction for "constructive possession" was unlawful in violation of his right to due process because it exceeded the Pennsylvania Legislature's legal definition of the term "possession" under the statute, and (2) his trial counsel was ineffective for failing to object to the "constructive possession" jury instruction.  *See, generally*, ECF No. 7.  Respondents assert that the Petition should be dismissed because it was untimely filed.

---

[2] The filing date is the date that Petitioner turned his Petition over for mailing at the prison.  *See Houston v. Lack*, 487 U.S. 266 (1988).  Notwithstanding Petitioner's declaration on the last page of his Petition that he placed his Petition in the prison mailing system on January 1, 2023, the Court finds that it is highly unlikely that he did so given the three-month discrepancy between that date and the postmark date on the envelope.  While the exact date of mailing remains unclear, the Court finds that, even giving Petitioner the benefit of the earlier date, his Petition was still untimely filed.

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review.  It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis.  *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005).  In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry.  First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1).

4

Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any other exception or equitable tolling should be applied on the facts presented.

First, the "trigger date" for Petitioner's claims is the date on which his judgment of sentence became final.[3] In this case, Petitioner's judgment of sentence became final on March 12, 2020, upon the expiration of the thirty-day period to file a petition for allowance of appeal after the Pennsylvania Superior Court affirmed his conviction on February 11, 2020. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes "final" at the conclusion of direct review or the expiration of time for seeking such review). Thus, the first day of Petitioner's one-year statute of limitations period was March 13, 2020, and absent any tolling for "properly filed" applications for post-conviction relief under section 2244(d)(2), Petitioner had one year from that date to file a timely federal habeas petition challenging his judgment of sentence. Because Petitioner did not file his Petition in this case until January 1, 2023, at the absolute earliest, the Court must next determine whether Petitioner can take advantage of the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Here, 203 days of Petitioner's one-year statute of limitations period expired before he filed a PCRA petition on October 2, 2020. The statute of limitations period was then tolled during the pendency of those proceedings until May 6, 2022, which was the last day that Petitioner had to file a petition for allowance of

---

[3] Petitioner's claims do not suggest that an alternative "trigger date" should be utilized.

appeal after the Pennsylvania Superior Court affirmed the dismissal of his petition on April 6, 2022. At that time, Petitioner still had 162 days (365-203=162) remaining of his one-year limitations period. The statute started to run again on May 7, 2022, and it fully expired 162 days later, on October 15, 2022. However, as previously stated, Petitioner did not file his Petition in this case until January 1, 2023, at the earliest. As such, the Petition was untimely filed

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by the application of equitable tolling or the Supreme Court's recognized fundamental miscarriage of justice exception. *See Holland v. Florida*, 560 U.S. 631 (2010) (statute of limitations may be equitably tolled with showing of diligence and extraordinary circumstances); *see also McQuiggin v. Perkins*, 569 U.S. 383 (2013) (equitable exception to statute of limitations for actual innocence). Petitioner, however, has not specifically argued for the applicability of either and the Court can find no basis for their application in this case. As such, the Petition will be dismissed as untimely.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

6

484 (2000). Petitioner has not met the requisite showing in this case. Accordingly, a certificate of appealability will be denied. A separate Order will be entered.

Dated: May 6, 2025.

/s/ Kezia O. L. Taylor
KEZIA O. L. TAYLOR
United States Magistrate Judge

Cc: Patrick Morley
NR-8048
SCI Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA  16698-1000

Counsel for Respondents
(Via CM/ECF electronic mail)